UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SHAMAN WESLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:22-CV-437 SPM |
| ) | |
| JEFFERY C. ESSMYER, ) | |
| ) | |
| Defendant. ) | |

**OPINION, MEMORANDUM AND ORDER**

Self-represented Plaintiff Shaman Wesley brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint under 28 U.S.C. § 1915(e)(2), the Court will dismiss this action for failure to state a claim upon which relief may be granted.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is an incarcerated state prisoner. ECF No. 1 at 2. He filed a motion to proceed in the district court without prepaying fees or costs. ECF No. 2. Although the form motion states that an inmate must submit a certified prison account statement, Plaintiff has not done so. In his affidavit, however, he states that he has no job, no income, no assets, and no money in his prison account. Based on the financial information Plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also*

*Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint

Plaintiff is an inmate at Missouri Eastern Correctional Center (MECC). He brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against a MECC correctional officer, Jeffery C. Essmyer, in both his individual and official capacities. ECF No. 1 at 1-2.

The allegations of Plaintiff's complaint are brief but disjointed. Plaintiff states that he received medical treatment at St. Mary's Medical Center in January 2022 for a broken shoulder. *Id.* at 4. Plaintiff complains that he was "given no medical records after receiving treatment." Plaintiff explains that the lack of medical paperwork is his "reason for filing on the officer which caused the injury" to him. Finally, Plaintiff states: "They refuse to send me [to] the orthropathied [sic] for further treatment and that was denied [by] MECC medical staff." *Id.*

The injuries suffered by Plaintiff are unknown, as he left that section of the form complaint blank. *Id.* However, Plaintiff does explain that he seeks $700,000 in damages for being "unable to lift fifty pounds," unable to do things that he used to be able to do with his right hand, a change in his "sleeping habits," and an inability to exercise due to constant pain. *Id.* at 5.

Plaintiff attached to the complaint the response he received after filing an Informal Resolution Request (IRR) at MECC on February 4, 2022.[1]  ECF No. 1-1 at 1.  According to the response, Plaintiff had complained about receiving a rule violation for "refusing to jump down and stand on the floor which could have led to injury" and he requested that the violation be dismissed and expunged.  *Id.*  The response denied the IRR and summarized the findings relating to the incident as follows:

> [D]uring count you stood on your footlocker instead of on the ground as you mentioned.  However, once COI Essmyer gave you further clarification and directives to stand on the ground you still didn't comply which led to being asked to submit to restraints which you also didn't comply that further led to the spontaneous use of force.  You weren't expected to jump to ground only expected to stand on the ground, furthermore, that didn't mean to stand on just anything.  Regardless once provided multiple directives you still failed to comply.

*Id.*  The IRR denial was issued on March 10, 2022, by nonparties to this suit.

Plaintiff also attached a copy of a "Case Manager Kite," dated March 22, 2022, in which he requests access to the law library.  *Id.* at 2.  Plaintiff's Kite states that he is "seeking steps and legal paper work to file a[n] assault & battery charge[] against an officer [] Essmyer Jeffery."  *Id.*  His request was submitted to the law library the next day by a nonparty.  A handwritten note on the document states "Not a records issue."  *Id.*

### Discussion

After careful review and liberal construction of the allegations of the complaint, the Court finds that this case must be dismissed for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B).  It is unclear exactly what claim or claims Plaintiff is attempting to assert against correctional officer Essmyer – failure to provide medical records, denial of follow-

---

[1] The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes").

up medical care with an outside doctor after his shoulder injury, or excessive force. But to the extent Plaintiff attempts to assert any or all of these claims, they fail.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).

In this case, Plaintiff alleges that he has been denied medical records regarding a shoulder injury. He also asserts that he has been denied further treatment by an orthopedic doctor for the shoulder injury by "MECC medical staff." ECF No. 1 at 4. Plaintiff does not state that defendant Essmyer was personally involved in or directly responsible for either of these denials. Based on the complaint, Essmyer is not a member of the MECC medical staff and there is no evidence that he handles records requests at MECC. He is just employed as a correctional officer.

"Government officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) (internal citations omitted). Furthermore, according to the Eighth Circuit, "pro se status does not excuse [plaintiff's] failure to name the proper parties." *Jackson v. Missouri Bd. of Prob. & Parole*, 306 F. App'x 333 (8th Cir. 2009). As such, any claims Plaintiff is attempting to assert against Essmyer regarding denial of paperwork or medical care, fail to state a claim upon which § 1983 relief may be granted. *See also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the complaint and there were no allegations of constitutional harm against them).

Alternatively, Plaintiff's complaint could be construed as attempting to assert an excessive force claim against Essmyer. Plaintiff never makes any allegations regarding the incident which

caused his broken shoulder, but he states that he is "filing on the officer which caused [his] injury." ECF No. 1 at 4.  Also, the IRR response describes a spontaneous use of force by Essmyer on Plaintiff.  ECF No. 1-2 at 1.

"[Correctional] Officers may reasonably use force in a good-faith effort to maintain or restore discipline but may not apply force maliciously and sadistically to cause harm." *Johnson v. Blaukat*, 453 F.3d 1108, 1112 (8th Cir. 2006) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)) (internal quotation marks omitted).  "Because the use of force is sometimes required in prison settings, guards are liable only if they are completely unjustified in using force, i.e., they are using it maliciously and sadistically." *Irving v. Dormire*, 519 F.3d 441, 446 (8th Cir. 2008) (citing *Hudson*, 503 U.S. at 9).  The test for reasonableness or the good-faith application of force depends on the following:

> whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury.

*Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002) (citing *Hudson*, 503 U.S. at 7).

Here, Plaintiff does not allege that Essmyer used excessive force, only that Essmyer caused his injury.  According to the IRR filing, Plaintiff did not complain about the amount of force used by Essmyer.  Instead, he complained about receiving a rule violation, asking that it be dismissed and expunged.  However, in his law library request, Plaintiff does mention "assault & battery" charges against Essmyer.

Overall, Plaintiff has not alleged enough in his complaint to state an excessive force claim against Essmyer.  Plaintiff does not assert that Essmyer's use of force was unjustified, malicious, or sadistic.  The IRR denial states that Plaintiff failed to comply with multiple directives from Essmyer before the spontaneous use of force.  Plaintiff does not deny this.  As such, there was an objective need for force.  *See Hickey v. Reeder*, 12 F.3d 754, 759 (8th Cir. 1993) ("There is no

question that prison officials may compel compliance with legitimate prison regulations.); *Stenzel v. Ellis*, 916 F.2d 423, 426 (8th Cir. 1990) (holding that inmate's refusal to comply with a legitimate jail security regulation constitutes a disturbance that poses a security risk to the safety of inmates and prison staff).

Plaintiff's allegations are not enough to state a claim for relief under § 1983.  Therefore, this case will be dismissed under 28 U.S.C. § 1915(e)(2)(B), and Plaintiff's motion for appointment of counsel will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.**  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within **thirty (30) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendant Jeffery Essmyer because the complaint fails to state a claim upon which relief can be granted.  Plaintiff's claims against defendant Jeffery Essmyer are **DISMISSED without prejudice**.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this 19th day of July, 2022.

                                                            _____
                                                            HENRY EDWARD AUTREY
                                                        UNITED STATES DISTRICT JUDGE